UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:
In Admiralty

ACCELERANT SPECIALTY
INSURANCE COMPANY, and
CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON
SUBSCRIBING TO COVER NOTE
NO. B0507RN2200289,

      Plaintiffs,

v.

TAKE ME THERE SAILING LLC,

      Defendant.           /

**COMPLAINT**

      Plaintiffs, ACCELERANT SPECIALTY INSURANCE COMPANY ("Accelerant") and CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO COVER NOTE NO. B0507RN2200289 ("Underwriters") (collectively, "Insurers"), hereby files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 9(h) of the Federal Rules of Civil Procedures, and, in support thereof, allege as follows:

**JURISDICTION AND VENUE**

      1.    This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

2.      Plaintiffs designate this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a marine insurance contract. Plaintiffs invoke the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3.      Venue is proper within the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a forum-selection clause in the subject policy of insurance provides that disputes arising thereunder be heard in "the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides." Because the Defendant's address on the Policy is listed as being in Charlotte County, Florida, venue is proper in this District. Furthermore, the insured's agent also resides in this District.

4.      All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5.      Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Accelerant is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

7. At all times material to this action, Accelerant was subject to service of process in the State of New York.

8. At all times material to this action, Underwriters are and were an unincorporated organization of insurance underwriters based in the United Kingdom.

9. At all times material to this action, Underwriters were subject to service of process in the State of New York.

10. At all times material to this action, Take Me There Sailing LLC ("Take Me There") is and was a limited liability company organized under the laws of the State of Florida with its principal place of business in Florida.

## FACTUAL ALLEGATIONS

11. On or about December 6, 2022, April and Robert White chartered a 1975 53' Lazzara, hull identification no. GFS53M270275 (the "Vessel"), owned by Take Me There (the "Charter").

12. The beneficial owners of the Vessel, Steven and Kimberly Mitchell crewed the Vessel for the Charter, acting as captain and mate, respectively.

13. While the Vessel was sailing in Charlotte Harbor, a third-party vessel collided with the Vessel at high-speed causing injuries to both April White and Kimberly Mitchell (the "Incident").

14. The Plaintiffs issued a commercial yacht insurance policy to Take Me There, policy no. CSRYP/216065, with effective dates of August 13, 2022, to August 13, 2023 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A"** and is fully incorporated herein.

15. The Policy provided, *inter alia*, $120,500 in hull coverage, subject to a $18,075 deductible as well as third-party liability coverage of $3 million combined single limit, with a $2,500 deductible. The first $1 million in protection and indemnity ("P&I") coverage was underwritten by Accelerant with an additional $2 million coverage insured by Underwriters.

16. The Policy was amended to include the following warranty:

**COVER NOTE**

**Insuring Agreement Wording:**

Commercial Yacht Insuring Agreement (SYP/22/COM). Amended to include Captain/Diveboat Charter with liability to maximum six passengers within Combined Single Limit. Excluding liability to paid crew. It is warranted that all participants will sign a release of liability, regardless of whether they are paying or complimentary, prior to the commencement of the charter activity, unless otherwise agreed by us. Additional Assureds noted as per schedule below.

17. The Policy also provided, in relevant part, as follows:

**3. Coverage B. Third Party Liability**

If a sum insured is shown under Section B of the Insuring Agreement Declaration Page, We provide coverage for any sum or sums which You or any other Covered Person become legally liable to pay and shall pay as a result of ownership or operation of Scheduled Vessel.

\*   \*   \*

**Exclusions to Coverage B**

Unless specifically agreed by us in writing and an additional premium paid, Liability cover is not provided for:

i. Covered Persons with regard to their liability to You, other Covered Persons, You spouse, other members of Your Family or persons who reside in Your household.

ii. Your liability to other Covered Persons, Your spouse, other members of Your Family or persons who reside in Your household.

\*   \*   \*

**9. General Conditions & Warranties**

xii. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to Our acceptance or continuance of this insurance. No action or inaction by Us shall be deemed a waiver of this provision.

xix. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this Insuring Agreement from inception, it is hereby agreed that any such breach will void this Insuring Agreement from inception.

> xxvi. It is warranted that all participants will sign a release of liability, regardless of whether they are paying or complimentary, prior to the commencement of any charter activity, unless otherwise agreed by Us and that any person who does not sign or refuses to sign this release shall not be permitted to participate in any activity.
>
> \* \* \*
>
> **11. Service Of Suit, Choice of Law And Form**
>
> It is hereby agreed that any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.
>
> \* \* \* \* \*

18. On December 12, 2022, Take Me There submitted a claim under the Policy.

19. Plaintiffs began investigating the Incident and determined that Take Me There breached the Policy's release warranty as well as misrepresenting that it would use liability waivers for all charters.

20. Based on the foregoing violations of the Policy, Plaintiffs have reserved their rights and now file this action seeking a judicial determination that the Policy is void from its inception.

### **COUNT I – BREACH OF RELEASE WARRANTY**

21. Plaintiffs reassert and reallege the allegations contained in paragraphs 1-20 above as if fully set forth herein.

22. The Policy contained two substantially identical release warranties.

23. One of those warranties appeared on the declarations page and warranted that "all participants will sign a release of liability, regardless of whether they are paying or complimentary, prior to the commencement of the charter activity, unless otherwise agreed by us."

24. Meanwhile, the other warranty appeared as General Condition xxvi. and warranted that "all participants will sign a release of liability, regardless of whether they are paying or complimentary, prior to the commencement of any charter activity, unless otherwise agreed by Us and that any person who does not sign or refuses to sign this release shall not be permitted to participate in any activity."

25. To date, Take Me There has not provided Plaintiffs with a liability waiver signed by Robert White prior to the commencement of the Charter.

26. At the time of the incident, Plaintiffs had not "otherwise agreed" that Take Me There was not required to obtain liability waivers before commencing charters.

27. Under New York law, which governs the Policy in the absence of entrenched federal maritime law, express warranties in marine insurance policies are

strictly enforced, and a breach thereof voids coverage irrespective of any causal relation to the loss.

28. Furthermore, General Condition xix. of the Policy provides that "any such breach [of warranty] will void this Insuring Agreement from inception."

29. Regardless, a failure to obtain a liability waiver from Robert White may have robbed both Take Me There and Plaintiffs of a potential defense.

30. As a result, both of the Policy's release warranties were violated, and pursuant to General Condition xix., the Policy is void from its inception.

WHEREFORE, Plaintiffs respectfully request judgment in their favor that Take Me There breached the two release warranties, and that as a result the Policy is void from its inception and does not provide coverage for any claims arising from or associated with the Incident. Plaintiffs further request such other relief as the Court may deem just and appropriate under the circumstances.

## **COUNT II – UBERRIMAE FIDEI**

31. Plaintiffs reallege and reincorporate the allegations of paragraphs 1-20 and 25-26 above as if fully set forth herein.

32. For hundreds of years, policies of marine insurance have been subject to the well-entrenched doctrine of *uberrimae fidei*—the duty of utmost good faith.

33. This duty requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of insurance risk.

34. This duty to disclose extends even to material facts that are not specifically inquired into by the insurer.

35. The Policy, as one of marine insurance—and pursuant to the terms of its choice-of law provision—is governed by the principle of *uberrimae fidei*.

36. On July 26, 2022, Take Me There submitted a renewal application including a Captain Charter Supplementary Sheet signed by Steven T. Mitchell on July 21, 2022 which responded, "Yes – Attached" to the question "Do you require any hold harmless from passengers?" A copy of the bind request documents is attached hereto as **Composite Exhibit "B."**

37. On August 1, 2022, Plaintiffs requested confirmation that Take Me There agreed to utilize the liability waiver sample provided by Plaintiffs. A copy of the email request and attached waiver sample is attached hereto as **Composite Exhibit "C."**

9

38.     On September 7, 2022, Take Me There submitted its agreement to utilize the liability waiver provided by Plaintiffs for all charters. A copy of the email confirmations is attached hereto as **Composite Exhibit "D."**

39.     Take Me There's representations that it required a hold harmless from passengers and that it would utilize a liability waiver for all charters were false, as Take Me There has failed to provide documentation that liability waivers were secured from all of the Charter participants prior to the commencement of the Charter.

40.     Plaintiffs would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Plaintiffs known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

41.     Therefore, Take Me There breached the duty of *uberrimae fidei*, rendering the Policy void from its inception, and there is no coverage for any claims arising thereunder.

WHEREFORE, Plaintiffs respectfully request judgment in their favor that Take Me There violated the doctrine of *uberrimae fidei*, such that there is no coverage for claims arising from or associated with the Incident and the Policy is void from its inception. Plaintiffs further request any further relief that the Court deems just and appropriate under the circumstances.

## **COUNT III – BREACH OF GENERAL CONDITION XII.**

42. Plaintiffs reallege and reincorporate the allegations of paragraphs 1-20, 25-26, and 36-39 above as if fully set forth herein.

43. General Condition xii. of the Policy provides that "This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to Our acceptance or continuance of this insurance. No action or inaction by Us shall be deemed a waiver of this provision."

44. Plaintiffs would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Plaintiffs known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

45. Therefore, Take Me There breached General Condition xii. of the Policy, rendering the Policy void from its inception; and there is no coverage for any claims arising thereunder.

WHEREFORE, Plaintiffs respectfully request judgment in their favor that Take Me There violated General Condition xii. such that there is no coverage for claims arising from or associated with the Incident and the Policy is void from its inception. Plaintiffs further request any further relief that the Court deems just and appropriate under the circumstances.

Dated: May 13, 2023.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Accelerant and Underwriters*
12 Southeast 7th Street, Suite 601
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

By: */s/ Charles S. Davant*
Charles S. Davant (Lead Counsel)
Florida Bar No. 15178
csd@davantlaw.com
Christina R. Coizeau
Florida Bar No. 1029105
crc@davantlaw.com